People v Sanchez (2025 NY Slip Op 05127)

People v Sanchez

2025 NY Slip Op 05127

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

CR-24-0509
[*1]The People of the State of New York, Respondent,
v
Angel Sanchez, Appellant.

Calendar Date:August 29, 2025

Before:Garry, P.J., Aarons, Pritzker, Fisher and Mackey, JJ.

Dennis J. Lamb, Troy, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Melissa K. Swartz of Cambareri & Brenneck, Syracuse, of counsel), for respondent.

Appeal from a judgment of the County Court of Rensselaer County (Jennifer Sober, J.), rendered March 27, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and the plea agreement required defendant to waive the right to appeal. County Court thereafter sentenced defendant, as a second violent felony offender, to eight years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's assertion, we find that his waiver of the right to appeal is valid. Defendant was advised that an appeal waiver was a condition of his plea agreement. County Court confirmed that defendant had discussed the appeal waiver with counsel, and the court explained that the waiver of appeal is separate and distinct from the trial-related rights forfeited by a guilty plea and expressly delineated certain of the appellate rights that survive the waiver, and defendant affirmed his understanding thereof (see People v Patterson, 233 AD3d 1204, 1205 [3d Dept 2024]; People v Cali, 229 AD3d 940, 941 [3d Dept 2024]). During the plea allocution, defendant executed a written waiver of appeal, after reviewing it with counsel, which also delineated certain appellate rights that survive the waiver. Defendant confirmed that he understood its terms (see People v Moses, 236 AD3d 1201, 1201-1202 [3d Dept 2025]; People v Lane, 233 AD3d 1207, 1208 [3d Dept 2024], lv denied 43 NY3d 945 [2025]). "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived and find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary" (People v Joseph, 227 AD3d 1233, 1235 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 1053 [2024]; accord People v Lane, 233 AD3d at 1208-1209). Given the valid appeal waiver, defendant's challenge to the severity of his sentence is precluded (see People v Leroux, 234 AD3d 1214, 1214 [3d Dept 2025]; People v Ford, 234 AD3d 1054, 1055 [3d Dept 2025], lv denied 43 NY3d 963 [2025]).
Garry, P.J., Aarons, Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.